IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| MAURICE ANTONIO WOODS, Inmate # M14902, | ) ) ) |
| Plaintiff, | ) ) ) |
| vs. | ) Case No. 11-cv-0595-GPM ) |
| SHANE A. WALTERS, PAUL D. SCHNEPPER, and BILLINGTON, | ) ) ) ) |
| Defendants. | ) ) |

MEMORANDUM AND ORDER

MURPHY, District Judge:

Plaintiff Maurice Antonio Woods, an inmate in the Pontiac Correctional Center, brings this action for deprivations of his constitutional rights pursuant to 42 U.S.C. § 1983, based on an incident that occurred while Plaintiff was incarcerated at Lawrence Correctional Center ("Lawrence"). Plaintiff is serving a four-year sentence for aggravated robbery. This case is now before the Court for a preliminary review of the complaint pursuant to 28 U.S.C. § 1915A, which provides:

> (a) **Screening.**– The court shall review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity.
> (b) **Grounds for Dismissal.**– On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint–
> (1) is frivolous, malicious, or fails to state a claim on which relief may be granted; or
> (2) seeks monetary relief from a defendant who is immune from such relief.

28 U.S.C. § 1915A.

An action or claim is frivolous if "it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). An action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). Conversely, a complaint is plausible on its face "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Although the Court is obligated to accept factual allegations as true, *see Smith v. Peters*, 631 F.3d 418, 419 (7th Cir. 2011), some factual allegations may be so sketchy or implausible that they fail to provide sufficient notice of a plaintiff's claim. *Brooks v. Ross*, 578 F.3d 574, 581 (7th Cir. 2009). Additionally, Courts "should not accept as adequate abstract recitations of the elements of a cause of action or conclusory legal statements." *Id*. At the same time, however, the factual allegations of a pro se complaint are to be liberally construed. *See Rodriguez v. Plymouth Ambulance Serv.*, 577 F.3d 816, 821 (7th Cir. 2009).

**The Complaint**

Liberally construed, the complaint alleges the following. On April 18, 2011, Defendants Walters (Lieutenant), Billington (C/O), and Schnepper (C/O) walked Plaintiff "butt naked" across the gallery at Lawrence. Defendant Walters yanked Plaintiff's arms through the chuck hole and told Defendants Billington and Schnepper to stand blocking the two cells across from Plaintiff's. Defendant Walters proceeded to remove Plaintiff's handcuffs, and told him, "You reap what you sow, Woods" (Doc. 1, p. 5). Plaintiff responded, "Fuck you pussy ass bitch" (Doc. 1, p. 5). Defendant Walters then yanked Plaintiff's arm up and pulled it across the top of the "chuck hole" (the open slot in the cell

2

door used to pass food to inmates).   When Defendant Walters saw all the blood, Defendants Billington and Schnepper pushed his arms back into the chuck hole. Plaintiff claims that all of this occurred because Defendant Walters was mad that Plaintiff continued to ask for a social worker while he was on suicide watch.  The April 18, 2011, assault occurred after Plaintiff spoke to a social worker.

After the incident, Plaintiff rubbed his hand across all the blood on the floor and rubbed it on the wall, in hopes that Internal Affairs would take pictures.  He also called for C/O Fear who was sitting at the gallery desk.  Major Lynch came and saw the blood so he called Nurse Dowty.  Nurse Dowty said that Plaintiff needed to see a medical doctor right away, so Major Lynch and Defendant Schnepper walked him to health care with Lieutenant Stafford (Internal Affairs) and another correctional officer.

The doctor said he wouldn't put in stitches.  Internal Affairs took some pictures. When Plaintiff asked Lieutenant Stafford if there was going to be an investigation, he answered in the negative because Defendant Walters said Plaintiff did it.  Even though Plaintiff refuted this, Lieutenant Stafford said they believed Defendant Walters and that the investigation was over.

Plaintiff requests several forms of relief, including $15,000 in compensatory damages and court costs.

## Discussion

### Excessive Force

Plaintiff asserts that Defendant Walters used excessive force against him when he yanked, pulled, and pushed his arms through and across the chuck hole.  Plaintiff

3

claims that Defendant Walters assaulted him because he was mad that Plaintiff continued to ask to see a social worker.

The intentional use of excessive force by prison guards against an inmate without penological justification constitutes cruel and unusual punishment in violation of the Eighth Amendment and is actionable under § 1983. *See Wilkins v. Gaddy*, 130 S. Ct. 1175 (2010); *DeWalt v. Carter*, 224 F.3d 607, 619 (7th Cir. 2000). An inmate must show that an assault occurred, and that "it was carried out 'maliciously and sadistically' rather than as part of 'a good-faith effort to maintain or restore discipline.'" *Wilkins*, 130 S. Ct. at 1180 (citing *Hudson v. McMillian*, 503 U.S. 1, 6 (1992)). An inmate seeking damages for the use of excessive force need not establish serious bodily injury to make a claim, but not "every malevolent touch by a prison guard gives rise to a federal cause of action." *Id.* (the question is whether force was de minimis, not whether the injury suffered was de minimis); *see also Outlaw v. Newkirk*, 259 F.3d 833, 837-38 (7th Cir. 2001).

Whether the force used by Defendant Walters in this instance was de minimis or was an attempt to cause real harm is not yet capable of being determined. It is also not clear whether the assault was carried out maliciously and sadistically rather than in a good faith effort to maintain or restore discipline. For these reasons, the claim that Defendant Walters unconstitutionally used excessive force against Plaintiff cannot be dismissed at this time.

Plaintiff also asserts that Defendants Schnepper and Billington merely stood by and watched Defendant Walters assault him on April 18, 2011, and that these defendants are equally as liable for his injuries due to their failure to intervene. The

4

Seventh Circuit has examined this issue as it pertains to police officers who fail to intervene when a fellow officer exceeds his authority, stating:

> We believe it is clear that one who is given the badge of authority of a police officer may not ignore the duty imposed by his office and fail to stop other officers who summarily punish a third person in his presence or otherwise within his knowledge. That responsibility obviously obtains when the nonfeasor is a supervisory officer to whose direction misfeasor officers are committed. So, too, the same responsibility must exist as to nonsupervisory officers who are present at the scene of such summary punishment, for to hold otherwise would be to insulate nonsupervisory officers from liability for reasonably foreseeable consequences of the neglect of their duty to enforce the laws and preserve the peace.

*Byrd v. Brishke*, 466 F.2d 6, 11 (7th Cir. 1972); *see also Lanigan v. Vill. of E. Hazel Crest*, 110 F.3d 467, 477 (7th Cir. 1997); *Yang v. Hardin*, 37 F.3d 282, 285 (7th Cir. 1994) (collected cases); *Archie v. City of Racine*, 826 F.2d 480, 491 (7th Cir. 1987).

Accordingly, Plaintiff's claim for failure to intervene against Defendants Schnepper and Billington shall receive further review.

**Pending Motions**

Plaintiff requests the Court to issue an order requiring the institution where he is housed to allow him to make five phone calls to his family to aid in his search for counsel to represent him in this case (Doc. 9). Federal courts must exercise equitable restraint when asked to take over the administration of a prison, something that is best left to correctional officials and their staff. *See Sandin v. Conner*, 515 U.S. 472, 482-83 (1995). Accordingly, Plaintiff's motion for Court ordered phone calls to seek counsel is **DENIED, without prejudice**.

**Disposition**

**IT IS HEREBY ORDERED** that the Clerk of Court shall prepare for Defendants **WALTERS, SCHNEPPER,** and **BILLINGTON** (1) Form 5 (Notice of a Lawsuit and

Request to Waive Service of a Summons), and (2) Form 6 (Waiver of Service of Summons). The Clerk is **DIRECTED** to mail these forms, a copy of the complaint, and this Memorandum and Order to each Defendant's place of employment as identified by Plaintiff. If a Defendant fails to sign and return the Waiver of Service of Summons (Form 6) to the Clerk within 30 days from the date the forms were sent, the Clerk shall take appropriate steps to effect formal service on that Defendant, and the Court will require that Defendant to pay the full costs of formal service, to the extent authorized by the Federal Rules of Civil Procedure.

**IT IS FURTHER ORDERED** that, with respect to a Defendant who no longer can be found at the work address provided by Plaintiff, the employer shall furnish the Clerk with the Defendant's current work address, or, if not known, the Defendant's last-known address. This information shall be used only for sending the forms as directed above or for formally effecting service. Any documentation of the address shall be retained only by the Clerk. Address information shall not be maintained in the court file or disclosed by the Clerk.

**IT IS FURTHER ORDERED** that Plaintiff shall serve upon Defendants (or upon defense counsel once an appearance is entered), a copy of every pleading or other document submitted for consideration by the Court. Plaintiff shall include with the original paper to be filed a certificate stating the date on which a true and correct copy of the document was served on Defendants or counsel. Any paper received by a district judge or magistrate judge that has not been filed with the Clerk or that fails to include a certificate of service will be disregarded by the Court.

Defendants are **ORDERED** to timely file an appropriate responsive pleading to the complaint and shall not waive filing a reply pursuant to 42 U.S.C. § 1997e(g).

Pursuant to Local Rule 72.1(a)(2), this action is **REFERRED** to United States Magistrate Judge Donald G. Wilkerson for further pre-trial proceedings.

Further, this entire matter is **REFERRED** to United States Magistrate Judge Donald G. Wilkerson for disposition, as contemplated by Local Rule 72.2(b)(2) and 28 U.S.C. § 636(c), *should all the parties consent to such a referral.*

**IT IS FURTHER ORDERED** that if judgment is rendered against Plaintiff, and the judgment includes the payment of costs under Section 1915, Plaintiff will be required to pay the full amount of the costs, notwithstanding that his application to proceed *in forma pauperis* has been granted. *See* 28 U.S.C. § 1915(f)(2)(A).

Plaintiff is **ADVISED** that at the time application was made under 28 U.S.C. § 1915 for leave to commence this civil action without being required to prepay fees and costs or give security for the same, the applicant and his or her attorney were deemed to have entered into a stipulation that the recovery, if any, secured in the action shall be paid to the Clerk of the Court, who shall pay therefrom all unpaid costs taxed against plaintiff and remit the balance to plaintiff. Local Rule 3.1(c)(1)."

Finally, Plaintiff is **ADVISED** that he is under a continuing obligation to keep the Clerk of Court and each opposing party informed of any change in his address; the Court will not independently investigate his whereabouts. This shall be done in writing and not later than **7 days** after a transfer or other change in address occurs. Failure to comply with this order will cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution. *See* FED. R. CIV. P. 41(b).

IT IS SO ORDERED.

DATED: July 10, 2012

s/ G. PATRICK MURPHY
United States District Judge
