IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| MAURICE ANTONIO WOODS, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) CIVIL NO. 11-595-GPM |
| | ) |
| SHANE A. WALTERS, PAUL D. | ) |
| SCHNEPPER, and CORRECTIONAL | ) |
| OFFICER BILLINGTON, | ) |
| | ) |
| Defendants. | ) |

# MEMORANDUM AND ORDER

**MURPHY, District Judge:**

Plaintiff Maurice Woods filed a motion for summary judgment to which Defendants filed a response (Docs. 38, 46).   Plaintiff's motion is **DENIED**.

Plaintiff alleges that Defendants were transporting him, nude and cuffed, to his cell in Lawrence Correctional Center (Doc. 10).  While uncuffing him, Defendant Walters yanked Plaintiff's arm across the top of the chuck hole, lacerating Plaintiff's arm.   A 42 U.S.C. § 1983 claim for excessive force survived 28 U.S.C. § 1915A threshold review (Doc. 10).

In his motion for summary judgment, Plaintiff argues that based on medical records confirming he was injured, he is entitled to summary judgment (Doc. 38, p. 3).   He argues that Defendants' answers, which reference a disciplinary ticket against Plaintiff arising from the incident, are obviously false and "outrageous" (*Id.*).

The Court finds nothing outrageous in Defendants' efforts to defend the case.   In order to

prevail on his excessive force claim, Plaintiff must show "not only that the assault actually occurred but also that it was carried out maliciously and sadistically rather than as part of a good faith effort to maintain and restore discipline." *Wilkins v. Gaddy,* 559 U.S. 34, 40 (2010). Here, even looking to Plaintiff's version of events, there is no good evidence of malice. "Summary judgment is proper when the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." *Albiero v. City of Kankakee*, 246 F.3d 927, 931-32 (7th Cir. 2001) (internal citations and quotations omitted). Plaintiff is not entitled to judgment on the facts before the Court.

**IT IS SO ORDERED.**

**DATED**: September 9, 2013

s/ *G. Patrick Murphy*
G. PATRICK MURPHY
United States District Judge